CASE 70—PETITION EQUITY—JANUARY 12.

# Gaines v. Jones, &c.

### APPEAL FROM LAUREL CIRCUIT COURT.

VENDOR AND VENDEE.—In an action upon a note executed for the purchase price of land the defendant pleaded that the deed executed by the vendor did not include four acres of land which was actually sold to him and represented by the vendor at the time of the sale to be a part of the tract. The plaintiff admitted that the four acres was left out of the deed by mistake, and also that it was omitted by mistake from the deed from his immediate vendor to him, and shows that it is described by a marked boundary, and had been held and claimed by him and the vendee as a part of the tract described in the deed more than fifteen years when the action was commenced. *Held*—That the plaintiff has shown his ability to make a good title, but it was error to render judgment upon the note without requiring the vendor, or his executor and sole devisee, he being dead, to make a new deed or so reform the original one as to pass the title to the four acres as was agreed when the contract was made.

W. L. BROWN FOR APPELLANT.

A vendor can not enforce a lien for purchase price of land when the land sought to be subjected is shown by the deed of the vendor not to be the land embraced in the contract of sale.

RANDALL & RAMSEY FOR APPELLEES.

No brief in record.

*JUDGE LEWIS* DELIVERED THE OPINION OF THE COURT.

Appellee, Jones, instituted this action for judgment on a promissory note for thirty-nine dollars, executed by appellant, Gaines, to John Tankesly, deceased, in part consideration of a tract of land, and assigned to Jones by J. R. Tankesly, executor and sole devisee of the vendor.

In defense of the action, appellant in his answer, made a cross-petition against J. R. Tankesly, states

that the deed executed by John Tankesly did not include about four acres of land which was actually sold to him, and represented by the vendor at the time of the sale to be a part of the tract, and that he did not discover that part was excluded until this action was commenced, when he caused a survey to be made according to the calls of the deed; although, believing it was included, he had erected a dwelling-house and other buildings upon it.

John R. Tankesly in his answer admits the four acre parcel was represented to appellant as part of the tract, and was sold by his father to him, and by mistake not conveyed by the deed. He also admits that it was not included in the deed to his father from his immediate vendor, and the only title he had at the time of the sale to appellant was a possessory title. But he states and satisfactorily proves that it was actually purchased and paid for by his father, and was intended to be included in the deed as part of the tract sold by his vendor, who had title thereto, but, as in the present case, it seems to have been left out by mistake.

The purchase by John Tankesly was in 1857, and he then took possession and has had it ever since. And as the four acres is described by a marked boundary, had been held and claimed as part of the tract described in the deed by appellant and his vendor more than fifteen years when the action was commenced, we think an ability to make a good title has been shown by J. R. Tankesly.

But the court rendered personal judgment for the amount of the note sued on, and also for about six dollars in favor of J. R. Tankesly, amount of a note

filed by him, and directed the sale of that part of the land which is described in the deed to satisfy the two debts and costs of the action.

No provision requiring J. R. Tankesly to make a good title to the four acres is contained in the judgment, nor is there any reference whatever to it, although forming the main subject of litigation. But appellant is left by the judgment without title to the four acres, and without any remedy except by a new action to compel a compliance with the contract to convey it to him, which it is admitted was made.

It seems to us, as the four acres was represented to be and was actually sold as part of the tract, by John Tankesly, deceased, and the deed was accepted by appellant, believing that parcel was included by it, the lower court should, before rendering any judgment against appellant, have required J. R. Tankesly to tender a new deed, or so reform the original one as to pass the title of the four acres as was agreed and intended by the parties when the contract was made. For neither Jones nor J. R. Tankesly was entitled to judgment until the mistake was corrected and the deed made to conform to the contract between and intention of the parties to it.

The judgment is therefore reversed, and cause remanded, with directions to permit J. R. Tankesly to execute and tender a deed passing title to the four acres, and for further proceedings consistent with this opinion.